IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES ANDERSON,

    Plaintiff

v.                                                                                                  C.A. No.: 5:21-cv-938

FIDELIS PLUMBING INC.,
and MARVAN DAVIS,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES ANDERSON, by and through his undersigned counsel, sues Defendants, FIDELIS PLUMBING INC., and MARVAN DAVIS, and in support thereof states as follows:

## BACKGROUND FACTS

1. Plaintiff, JAMES ANDERSON, is an individual residing in Bexar County, Texas.

2. From June of 2016, until August 29, 2021, Plaintiff, JAMES ANDERSON, began working for Defendant, FIDELIS PLUMBING INC., as an "Inventory Specialist" and was paid on a salary basis at the rate of $54,000.00 per year at the time of his separation from his employment.

3. Plaintiff's regular and recurring job duties included handling goods and materials that originated from outside the state of Texas and included, but were not

limited to:

    a. Staging Equipment as needed for Installers and Plumbers;

    b. Getting vehicles to company standard, *i.e.*, cleaning out the vehicles' interiors and organizing them;

    c. Physical monitoring of the installers and employees accessing the warehouse;

    d. Assisting installers and employees with loading equipment on to their vans as needed;

    e. Cleaning and maintenance of warehouse;

    f. Physical counting of warehouse inventory;

    g. Maintenance of building and parking lot;

    h. Re-bedding of Refiners (Flushing media out of tank. Disposing of media, Sanitizing tanks. Adding media back to tank for resale or services);

    i. Delivery of parts to installers and plumbers as needed; and,

    j. Receiving and product placement of shipments.

    4.    As part of his regular and recurring job duties, Plaintiff situated, handled goods and products that were made for, or moving in, interstate commerce. Plaintiff regularly handled goods and products which originated from such vendors as Aerus, located in Bristol, Virginia; and, Performance Water, located in Buena Park, California.

    5.    Defendant, FIDELIS PLUMBING INC., operates a water treatment and plumbing business in Bexar County, Texas.

6. Defendant, MARVAN DAVIS, is an individual residing in Bexar County, Texas, who at all times relevant to this matter, acted directly or indirectly in the interest of Defendant, FIDELIS PLUMBING INC., in relationship to Plaintiff.

7. Defendant, MARVAN DAVIS, is an owner of Defendant, FIDELIS PLUMBING INC.

8. Defendants, MARVAN DAVIS and FIDELIS PLUMBING, INC., had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

9. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

11. Venue is proper in this district under 28 U.S.C. § 1391.

12. Defendant, FIDELIS PLUMBING INC., is a corporation formed and existing under the laws of the State of Nevada and maintains offices in Bexar County, Texas.

13. Defendant, FIDELIS PLUMBING INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

14. At all times material to this complaint, Defendant, FIDELIS

PLUMBING INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

15. At all times material to this complaint, Defendant, FIDELIS PLUMBING INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

16. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities. Thus, throughout his employment, Plaintiff was individually covered under the FLSA.

## UNPAID OVERTIME WAGES UNDER FLSA

17. At all times material to this complaint, Defendant, MARVAN DAVIS, owned and operated FIDELIS PLUMBING INC. in Bexar County, Texas, and Plaintiff's claims herein arose in Bexar County, Texas.

18. At all times material hereto, Defendant, MARVAN DAVIS, as an agent of FIDELIS PLUMBING INC. (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision making power to pay overtime owed to Plaintiff and other employees.  Defendant, MARVAN DAVIS, is an

"employer" as defined by 29 U.S.C. § 203(d).

19. Plaintiff's typical schedule was: Monday through Friday 7:30 am to 4:30 pm. Plaintiff worked through lunch and after hours daily to maintain the work load. Plaintiff estimates that he worked an average of 50 hours per workweek throughout the duration of his employment with the Defendants.

20. Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

21. Defendants have willfully failed to pay Plaintiff overtime wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

22. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation.

23. As a result of Defendant's unlawful conduct, Plaintiff, JAMES ANDERSON, is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid, but should have been paid.

24. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by

bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JAMES ANDERSON, demand Judgment, jointly and severally, against Defendants, FIDELIS PLUMBING INC., and MARVAN DAVIS, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, JAMES ANDERSON, demands a jury trial on all issues so triable.

Respectfully submitted October 4, 2021.

**ROSS • SCALISE LAW GROUP**

**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
Attorneys for Plaintiff